JUDGE BERMAN   14 CV   491

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL VASQUEZ,

PLAINTIFF,                          2014 Civ.No.

                                    VERIFIED
-against-                           COMPLAINT AND
                                    DEMAND FOR
                                    JURY TRIAL

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DETECTIVE JOSEPH LITRENTA, Shield Number 1828,
POLICE OFFICERS "JOHN DOE" #1-5 (said names being
fictitious, as the true names are presently unknown), Individually
and in their Official Capacities, and Assistant District Attorney
Ryan W. Brackley, Esq.
                                    DEFENDANTS.

RECEIVED
JAN 27 2014
U.S.D.C. S.D. N.Y.
CASHIERS

    The Plaintiff, Michael Vasquez, by his attorney, Herbert Moreira-

Brown, Esq., complaining of the defendants, respectfully alleges:

## PRELIMINARY STATEMENT

    1.  Plaintiff, Michael Vasquez, brings this action for compensatory damages,

punitive damages and attorney's fees pursuant to 42 U.S.C. Sections 1983, 1988, for

the wrongful acts of Defendants The City of New York, New York Police

Department Detective Litrenta, A.D.A Ryan W. Brackley, P.O's "John Doe" #1-5

(said names being fictitious, as the true names are presently unknown), as Officers

of the New York City Police Department, all acting under color of law and pursuant

to their authority, in violation of Plaintiff's rights, as said rights are secured by said

statutes and the Constitution of the United States of America.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. sections 1983, 1985, 1988, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provision, and pursuant to 28 U.S.C. sections 1331,1343 and by the principles of supplemental jurisdiction pursuant to 28 U.S.C. SECTION 1367, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of the operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. Section 1367.

## VENUE

5.  Venue is properly laid in this District under 28 U.S.C. section 1391(b) this being the District in which the claim arose.

## TRIAL BY JURY DEMAND

6.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Federal Rules of Civil Procedure 38(b).

## PARTIES

7.  At all times relevant hereto, Plaintiff, Michael Vasquez, was a resident of the State of Florida. Plaintiff Michael Vasquez presently lives in New York State.

8.  At all times relevant hereto, defendant The City of New York

(hereinafter, New York City) is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department (NYPD), which employs all of the other named defendants of the New York City Police Department except for Defendant A.D.A. Ryan W. Brackley.

9.  At all times relevant to this action, New York Police Department Detective Joseph Litrenta and P.O. "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown), are and/or were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and New York City, pursuant to their authority as employees, servants and agents of the NYPD and City of New York, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers of the NYPD and New York City.

11. The City of New York was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

12. At all times relevant to this action, defendant Assistant District Attorney Ryan W. Brackley, Esq., was the prosecuting attorney, who prosecuted this action against the Plaintiff and was hired, trained, supervised, disciplined, if necessary, and handled criminal actions against defendants who were arrested by the employees of the NYPD.

## FACTS

13. On January 11, 1997, an individual approached a parked car on 192nd Street and St. Nicholas Avenue in Manhattan, New York, allegedly pointed a simulated gun at Janette Andriuolo and Rigo Gonzalez, Jr. and allegedly ordered them out of the car. Rigo Gonzalez, Jr. and Ms. Andriuolo got out of the car and the perpetrator drove away with that car with the purse of Ms. Andriuolo still in the car. At the scene of the crime Ms. Andriuolo described the perpetrator as 5'3" tall 145 pounds and his hair length was very long. On the date and time of the robbery Ms. Andriuolo told Det. Litrenta that she did not know the name of the robber nor had she ever seen that person before. She was taken to the 34th Precinct by the police officers of the New York City Police Department.

14. Detective Joseph Litrenta was assigned to investigate the robbery and the theft of the automobile. Det. Litrenta first met Ms. Andriuolo at the 34th Precinct on January 11, 1997. On January 11, 1997, Ms. Andriuolo did not state the name of the person who committed the crime nor did she tell Det. Litrenta that she knew the name of the person who had pointed a gun at her and had stolen the car she was a passenger in. In fact she did not name or identify any person that day as the robber.

15. At the trial of Mr. Michael Vasquez, in September of 1997, Det. Litrenta testified that a day after the January 11, 1997 robbery, on January 12, 1997,  he received a tip giving the "name" of Michael Vasquez as the person who had stolen the car and the purse of Janette Andriuolo at gunpoint. He further stated that he focused the police investigation on Michael Vasquez because of this "tip". A.D.A. Ryan W. Brackley never established the identity of the informant nor was any

4.

sworn testimony given attesting to the reliability of the "alleged" informant.

16. On January 3, 2012, at a New York State Criminal Procedure Law Section 440.10(1)(g) hearing Detective Joseph Litrenta testified under oath and stated "Someone had phone called and left information that the person that perpetrated the crime was named Mikey Vasquez."

17. Det. Joseph Litrenta further testified, in response to "Did you ever inquire as to who gave that information" (regarding who left the tip) he stated "Yes. Jeanette Andriuolo", and he stated in response to the question "She called and said it was Michael Vasquez?" Det. Joseph Litrenta testified "She was the caller, yes."

18. Det. Joseph Litrenta was asked " Now you spoke to Ms. Andriuolo on January 11[th](1997); is that correct?" and Det. Joseph Litrenta responded "Yes, that's correct." Det. Joseph Litrenta was then asked "Did she tell you that Michael Vasquez had robbed her on January 11[th], 1997? Det. Joseph Litrenta responded "No, she did not." He was then asked "Okay, and then the next day, she called you back and said that Michael Vasquez robbed her? Then New York State Supreme Court Justice Lewis Bart Stone asked Det. Joseph Litrenta "Was it closer to – was it close to the time of the crime or was it significantly –was there a significant delay?" Det. Joseph Litrenta responded "…it was close. It was shortly after the crime. To which Justice Lewis Bart Stone replied "Uh-huh."

19. Det. Joseph Litrenta was then asked by Justice Lewis Bart Stone "Did you ever ask Ms. Janet Andriuolo as to how it came to her attention that Michael Vasquez was the perpetrator of the crime?" Det. Joseph Litrenta responded "Yes." Justice Lewis Bart Stone then asked "And what was her response?" Det. Joseph

5.

Litrenta responded "She said that Raul (Gonzalez) told her Mikey was the one that robbed her."

20. Counsel Herbert Moreira-Brown then asked "So Raul told her that Michael Vasquez did the crime?" Det. Joseph Litrenta responded " Raul, Janette told me Raul's the one that told her Mikey Vasquez, Michael, Mikey, however he referred to him to her, was the one that robbed her."

21. Det. Joseph Litrenta was then asked "Okay. But she didn't tell you that on January 11th, 1997; is that correct?" To which Det. Joseph Litrenta responded "She did not know who robbed her on January 11th, 1997."

22. Det. Joseph Litrenta was asked "So the person that called you to tell you that the robber was Michael Vasquez was Janette Andriuolo?" Det. Joseph Litrenta responded "I later found out it was her that made the phone call, yes." Det. Joseph Litrenta was then asked "And that was the next day; is that correct?" Det. Joseph Litrenta responded "Yes." Det. Joseph Litrenta was then asked "Now, so the next day would be January 12th; is that correct?" Det. Joseph Litrenta responded "Yes." Det. Joseph Litrenta was then asked "But on January 11th she didn't know who the robber was?" Det. Joseph Litrenta responded "That's correct." Det. Joseph Litrenta was then asked "But January 12th she knew who the robber was and what his name was?" Det. Joseph Litrenta responded "Well, I'm not saying that she knew him. She just called. She was the one who called and left a message that the person that did the robbery was named Mikey Vasquez." Det. Joseph Litrenta was then asked "And she told you that Raul Gonzalez told her that that was the robber?" Det. Joseph Litrenta responded "Later on when I spoke to her, yes." Det. Joseph

Litrenta was then asked "Did Raul Gonzalez ever tell you he witnessed the robbery?" Det. Joseph Litrenta responded "No, he did not." Det. Joseph Litrenta was then asked "From your knowledge of this case as a detective in this case, did you ever come upon any information that Raul Gonzalez witnessed the robbery? Det. Joseph Litrenta responded "Raul Gonzalez as far as I know never witnessed `the robbery?"

23. The City of New York, New York City Police Detective Joseph Litrenta and New York Assistant District Attorney Ryan W. Brackley, Esq. conspired and caused Mr. Michael Vasquez to be indicted and unjustly and wrongly convicted and imprisoned on two counts of felony robbery, for 15 ½ years.

24. On June 13, 2012, Hon. Lewis Bart Stone, Justice of the New York County Supreme Court held "On the basis of the testimony at the Section 440.10 Hearing, as considered by this Court as finder of fact, the exhibits, the record of prior proceedings and the argument of counsel, and based on the conclusions and considerations set forth above, this Court has concluded that Vasquez has established his entitlement for relief under CPL Section 440.10(g). Vasquez' motion is hereby granted and his conviction vacated, and the matter is restored to the trial calendar for a new trial. This shall constitute the Decision and Order of the Court."

25. New York County Assistant District Attorney Ryan W. Brackley, in October, 1997, conspired and caused the Plaintiff, Mr. Michael Vasquez, to be unjustly and wrongly convicted and imprisoned on two counts of felony robbery when he refused to grant limited immunity and allow an eyewitness to the robberies, Mr. Rigo Gonzalez, Jr., to testify before the Grand Jury. This violated Michael

Vasquez Sixth Amendment right "to be confronted with the witnesses against him".
Rigo Gonzalez, Jr. had previously stated to the District Attorney's Office that Mr.
Michael Vasquez was not the person who committed the robberies. On December
16, 2011, at a New York State Criminal Procedure Law Section 440.10(1)(g)
hearing, Rigo Gonzalez, Jr. was asked "What happened on January 11[th], 1997?"
Rigo Gonzalez, Jr. testified under oath that "I was in the car, someone came in from
the back, asked for money. I don't know where the money was. I don't remember if
it was in a bag. Rigo Gonzalez, Jr. was then asked "Is that someone that came in the
car, is he in the courtroom now?" Rigo Gonzalez, Jr. answered "No." Rigo
Gonzalez, Jr. was then asked "Was it Michael Vasquez that came in that car?" Rigo
Gonzalez, Jr. answered "No." Justice Lewis Bart Stone asked Rigo Gonzalez, Jr.
"Was he in the car? Was Michael Vasquez in the car? Rigo Gonzalez, Jr. answered
"No, sir." Rigo Gonzalez, Jr. was asked "Did you see Michael Vasquez around that
area at all?" Rigo Gonzalez, Jr. answered "I don't remember that. I don't
remember seeing him." Rigo Gonzalez, Jr. was then asked "You don't remember
seeing Michael Vasquez?" Rigo Gonzalez, Jr. answered "No." Rigo Gonzalez, Jr.
was then asked "When the crime took place, was Michael Vasquez there when the
crime took place? Rigo Gonzalez, Jr. answered "No." Finally, Justice Lewis Bart
Stone stated "Let's move on. His testimony is Michael Vasquez was not in the car."
Thus the only eyewitness who actually knew Michael Vasquez stated that Michael
Vasquez was not the person who committed the robbery and was not the person
who stole the car.

26. New York City Police Detective Joseph Litrenta knew that Ms. Jannette

Andriuolo was not able to independently identify Michael Vasquez as the person who committed the crime, he knew that she was not able to identify Mr. Vasquez on the day of the robberies as the person who committed the robberies and he knew that she had been told by her boyfriend, Raoul Gonzalez, that Mr. Michael Vasquez was the person that committed the robberies. Det. Joseph Litrenta gave also misleading testimony when he stated that he focused the investigation on Michael Vasquez because of a 'tip' that an 'informant' had given him when he knew that alleged 'informant was actually the complaining witness Janette Andriuolo in order to have Michael Vasquez wrongly indicted and convicted.

27. New York Police Detective Joseph Litrenta sworn testimony was that he received a tip from a second person who he claimed was an informant who he falsely claimed had identified Mr. Michael Vasquez as the person who committed the crime of felony robbery and car theft. This lead the trial jury to be falsely mislead into believing the testimony of the complaining witness Ms. Jannette Andrioulo had been in fact corroborated. However the fact is that Det. Joseph Litrenta knew that the alleged informant, who had stated that Mr. Michael Vasquez was the person who had committed the crime, was none other than the complaining witness, Ms. Jannette Andrioulo, but this was never disclosed by him when he testified to the Grand Jury, nor the trial jury, nor to the attorney of the accused. Det. Joseph Litrenta and New York County Assistant District Attorney Ryan W. Brackley conspire to violate the civil rights of the Defendant Michael Vasquez and conspire to cause the unjust and wrongful conviction of the defendant Mr. Michael Vasquez and in fact caused Michael Vasquez to be unjustly and wrongly convicted, sentenced

to a 20-year to Life prison sentence and caused him to serve over 15½ years in prison before his sentence, on the C.P.L. 440.10 (1)(g) motion of his attorney, Herbert Moreira-Brown, Esq., was vacated and a new trial was ordered by New York State Supreme Court Justice, Hon. Lewis Bart Stone.

28. On July 8, 1997, Wade and Huntley hearings were scheduled to be held at the New York State Supreme Court in New York County before Hon. Dorothy A. Cropper, New York State Supreme Court Justice, at 100 Centre Street, New York, New York. At the request of New York County Assistant District Attorney Ryan W. Brackley statement notice was withdrawn and the hearing proceeded as a Wade hearing. A.D.A Brackley called Det. Joseph Litrenta to testify. On cross-examination Det. Joseph Litrenta was asked, by the defense attorney for Mr. Michael Vasquez, David E. Liebman, Esq. "When you were testifying on direct with regard to the photo array, officer, you said it came to your attention that Raoul Gonzalez knew Mr. Vasquez, correct? Det. Joseph Litrenta answered "That is correct." Det. Joseph Litrenta was then asked "When did that first come to your attention?" Det. Joseph Litrenta responded "That first came to my attention the day after the robbery." Det. Joseph Litrenta was asked "And who told you that, Raoul or Janet?" Det. Joseph Litrenta responded "When I came to work, there was a message in my box that someone had called and stated that the car was recovered and that the person who did it, his name was Mikey Vasquez, and he was on parole in the Bronx. Det. Joseph Litrenta was asked "Did the message say who made the phone call?" Det. Joseph Litrenta responded "No." Det. Joseph Litrenta was asked "Did you ever ask Janet if she had made the phone call?" Det. Litrenta said "Yes."

Det. Joseph Litrenta was asked "What did she tell you?" Det. Joseph Litrenta said "Yes." Det. Joseph Litrenta was asked "She was the one who made that phone call?" Det. Joseph Litrenta answered "Yes." Det. Joseph Litrenta was asked "Did you ask her who it was who told her that Mickey was the one who had been seen with the car?" Det. Joseph Litrenta answered "Yes." Det. Joseph Litrenta was asked "What did she say?" Det. Joseph Litrenta said "She said Raoul told her." Det. Joseph Litrenta was asked "Did you ever discuss it with Raoul?" Det. Joseph Litrenta answered "Yes I did." Det. Joseph Litrenta was then asked "And did he tell you who it was who told him that Micheal had done this robbery?" Det. Joseph Litrenta answered "Yes." At this point Assistant District Attorney Ryan W. Brackley said "Objection." At this point in time, as of July 8, 1997, both Det. Joseph Litrenta and Assistant District Attorney both knew that complaining witness, Janette Andriuolo, was the person who supplied the alleged tip and that the source of that "tip" information was not from her personal knowledge but from her "boyfriend" Raoul Gonzalez. They both knew that her identification of the Plaintiff Michael Vasquez was "Flawed" and their prosecution of him was really a persecution to convict an "actually innocent man". This was the supreme violation of his constitutional rights and his civil rights. There is no greater crime than to purposely convict an innocent man with manufactured evidence with the full knowledge that the "victim" was actually innocent.

29. On December 21, 2012, the New York County District Attorney's Office declined to prosecute Michael Vasquez because his attorney, Herbert Moreira-Brown, Esq., had proven that Michael Vasquez was "actually innocent" and the

New York County District Attorney's Office could not possibly prove his guilt beyond a reasonable doubt, so they decided not bring this case to trial with a certain acquittal staring them in the face and a federal malicious prosecution lawsuit starring them in the face. They recommended that this case be dismissed, by New York Supreme Court Justice Stone. On December 21, 2012, Hon. Justice Lewis Bart Stone ruled and ordered that the indictment against the Plaintiff, Michael Vasquez, was dismissed. (see exhibit # 1-Certificate of Disposition Dismissal)

30A. 30. The New York County District Attorney's Office at all relevant times was and is an elected officer of New York County, one of the constituent counties of the City of New York, and the District Attorney's Office was and is funded out of the City of New York's budget. The District Attorney was and is designated as a "local officer", rather than a "state officer", under section 2 of the New York Public Officers Law and New York HAS PROVIDED BY STATUTE (New York County Law Sections 53, 941) that the City's constituent counties, including New York County, and thus the City of New York itself, shall have liability for torts committed by County officers and employees such as the Office of the District Attorney and his Assistants.

30B. 30. As a result of all defendants' wrongful and unconstitutional conduct, Plaintiff was deprived of his rights, privileges, and immunities as secured by the United States Constitution and other laws of the United States and the State of New York; was wrongfully deprived of his liberty for over fifteen and one-half years while incarcerated in and confined to various correctional facilities where he feared being attacked; was exposed to degrading, dehumanizing, and emotionally

destructive prison conditions; was wrongfully deprived of his familiar rights; was caused to suffer physical and psychological conscious pain and suffering while developing Post Traumatic Stress Disorder, including mental anguish, great stress, anxiety, shame, indignity, humiliation, separation from friends and family, isolation from society, nightmares, nervousness, sleeplessness and depression, suffered irreparable harm to his reputation; was hindered and prevented from performing and transacting his affairs and business, resulting in loss of income (both past and anticipated future); suffered a loss of enjoyment of life; was caused to incur expenses for legal representation; will need to incur expenses to address the aforementioned physical and psychological injuries; was caused to suffer great inconvenience; lost more than fifteen years of freedom; and was otherwise damaged.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of the Defendants, their agents, servants and employees were carried out under color of state law.

33. All of the aforementioned acts deprived Plaintiff, Michael Vasquez, of the rights, privileges and immunities guaranteed to citizens of the United States of America by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. Section 1983.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking officers of said department.

36. The Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his or respective municipality and or authority, which is forbidden by the Constitution of the United States of America.

37. Defendant Detective Joseph Litrenta actions were part of a pattern, practice and policy of the New York Police Department (NYPD) and the City of New York to ignore and violate the constitutional rights of the people with whom they come in contact with.

38. The Acts of the NYPD, Det. Litrenta and the various John and Jane Doe were committed under their authority as NYPD and as police officers vested under and by virtue of the laws of the State of New York, and were, therefore, committed under the color of state law.

39. The City of New York knew of the need for additional screening, training, supervising and disciplining of police officers to : (a) refrain from ignoring evidence of a criminal defendant's innocence; (b) refrain from misrepresenting, withholding or falsifying evidence. (c) exercise care and thoroughness in the investigation and

prosecution of a case of armed robbery involving no other evidence but identifications; (d) accurately identify, handle and disseminate to defense counsel exculpatory material and exculpatory evidence; (e) refrain from obtaining indictments in bad faith and without probable cause; (f) refrain from giving false and incomplete testimony and (g) refrain from conspiring to wrongly convict innocent individuals and in fact obtaining wrongful convictions and imprisonment.

40. Through intentional and deliberate indifference, the City of New York failed to adequately provide for screening, training, supervising and disciplining of police officers with respect to the above mentioned issues. This type of intentional conduct and deliberate indifference is evidenced by decisions of the courts of the State of New York reporting that the NYPD and its employees engaged in various acts of misconduct including but not limited to the falsification of evidence, withholding evidence of innocence, giving false testimony and, generally failing to act in a reasonable, professional and honest capacity, including but not limited to:

> Riddick v. City of New York, 772 NYS 2d 294, 4 A.D.3d 242(1st Dept 2004)
> Bonefant v. Kelly, 759 NYS 2d 872, 306 A.D.2d 108 (1st Dept 2003)
> Wagner v. Kerik, 748 NYS 2d 860, 298 A.D.2d 322 (1st Dept 2002)
> Seligson V. Kerik, 744 NYS 2d 655, 295 A.D.2d 262 (1st Dept)
> Foy v. Safir 717 NYS 2d 126, A.D.2d 169 (1stDept 2000)
> Titone v. Safir, 717 NYS 2d 55, 277 A.D. 161(1st Dept 2000)
> Castro v. Safir, 717 NYS 2d 44, 277 A.D. 2d 123 (1st Dept 2000)
> Mieles v. Safir, 707 NYS 2d 437, 272 A.D. 199(1st Dept)
> Sannuti v. Safir, 689 NYS 2d 479, 261 A.D. 2d 153 (1st Dept 1999)
> Bravakos v. Bratton, 678 NYS 2d 21, 254 A.D. 2d 32 (1st Dept 1998)
> Ranalli v. Safir, 672 NYS 2d 872, 250 A.D. 2d 507 (1st Dept 1998)
> Vasquez v. Safir, 673 2d 12, 250 A.D. 448(1st Dept1998)
> People v. Kenrik, 162 Misc.2d 75, (Crim., N.Y. County 1994)
> Hickey v. Ward, 555 NYS 2d 763, 161 A.D. 495 (1st Dept 1990)

41. Upon information and belief, police officers have not been disciplined by

15.

the City of New York or in the NYPD for their misconduct, despite repeated judicial findings that a police officer from that office engaged in misconduct. Such failure constitutes deliberate indifference toward the constitutional rights of the accused and such misconduct constitutes a practice, pattern and custom of engaging in police misconduct including, but not limited to withholding exculpatory evidence, giving false testimony and arresting without probable cause.

42. By virtue of the decisions referred to above and other information and court decisions, the NYPD and the City of New York knew that the need for adequate screening, training, supervising, and disciplining of its employees was and is compelling because of the overriding practice, pattern and custom of validating each arrest, where possible, with an accompanying indictment and conviction of those innocent individuals. Officers like Detective Joseph Litrenta, were allowed and encouraged to make arrests, even when and where they knew that probable cause did not exist or was "problematic", and "clear cases" quickly and at all costs with deliberate and total disregard for the truth and total disregard and distain for the constitutional rights of the accused.

43. But for the City of New York's deliberate indifference in failing to adequately provide screening, training, supervision, and discipline of police officers and its affirmative acts, the innocent plaintiff would not have been arrested, prosecuted nor convicted for the crimes with which he was charged, nor have continued to suffer through the failure of his post-conviction motions.

44. The aforementioned conduct operated, inter alia, to deprive the Plaintiff, Michael Vasquez, of important and well established rights under the Fourth, Fifth,

Sixth, Eight, and Fourteenth Amendments to the United States Constitution, and the rights established by the Constitution of the State of New York, including plaintiff's right not to be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from bad-faith prosecution, his right to a fair trial. His right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, indictment, the conviction, the life sentence and plaintiff's incarceration for over fifteen and one-half years. A WRONGFUL Conviction of an innocent man is cruel and unusual punishment as per the United States Constitution's Eight Amendment.

45. By reason of the aforesaid violations of the Plaintiff's rights, plaintiff is entitled to damages under Section 1983, Title 42, of the United States Code.

46. The foregoing violations of the Plaintiff's Constitutional rights, the conviction, the sentence, plaintiff's incarceration, and the resulting and continuing injuries to the plaintiff were further and proximately caused by the City of New York's deliberate indifference to the Constitutional rights of persons and individuals coming into contact with the NYPD and their to properly and thoroughly screen, supervise and train, where necessary, their personnel.

47. With respect to all of the wrongful actions and omissions alleged above, the City of New York knew to a moral certainty that its employees would confront such situations that adequate screening, training, equipment, supervision, and discipline would have made the City of New York employees choices less difficult, and there is a clear history of employees mishandling such situations; and that

wrong choices by the City of New York's NYPD employees and offices frequently result in deprivation of a citizen's Constitutional Rights.

48. The foregoing violations of plaintiff's Constitutional rights comprised Constitutional torts and were effected by actions undertaken under color of law, statutes and regulations of the State of New York.

49. The individual defendants are responsible personally and in their official capacities for the violation of Plaintiff said Constitutional rights.

50. By their actions and inactions in this regard, defendants City of New York and the New York Police Department act with deliberate indifference to the rights of those with whom they come into contact.

51. As a result of said actions and inactions by the defendants the City of New York and the New York Police Department, the Plaintiff, Michael Vasquez, was falsely arrested, falsely detained, wrongly convicted, falsely and wrongly imprisoned and maliciously prosecuted for a crime which he did not commit, for which the defendants knew he did not commit, yet was prosecuted for anyway.

52. By these actions, these Defendants have deprived Plaintiff, Michael Vasquez, of rights secured by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the Defendants are individually liable, and the Plaintiff was damaged in the sum of $150,000,000 (One-Hundred and Fifty Million Dollars).

**SECOND CLAIM FOR RELIEF:**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER U.S.C. 1985**

53. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if fully set

forth herein.

54. At all times relevant, the acts of the Defendants, including A.D.A. Ryan W. Brackley, NYPD Detective Joseph Litrenta and New York City Police Officers, John Doe #1-5, conspired to wrongly convicted the Plaintiff and to influence the verdict, presentment or indictment to the grand jury or at trial.  Defendant Joseph Litrenta and NYPD officers, John Doe # 1-5, were part of a pattern, practice and policy of the City of New York through its police force, the NYPD, that conspired to make marginal criminal cases look like actual felony violations and thus punishable under New York State's criminal statutes. Individuals who had previous felony convictions were tried and if convicted would be sentenced to indeterminate life sentences as persistent felons. This pattern, practice and policy of the City of New York made it appear that they were winning the "war on crime" when in fact they were just wrongly convicting and  filling up the jails with drug-addicted individuals who should actually have been in drug rehabilitation programs.

55. By reason of the aforesaid violations of the Plaintiffs rights, Plaintiff is entitled to damages under Section 1985, Title 42, of the United States Code.

56. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to give false and/or misleading testimony, to falsely charge Plaintiff with crimes, testify falsely and to introduce false and/or misleading evidence, as described above, in order to have the Plaintiff, Michael Vasquez, falsely arrested, wrongly convicted and wrongly imprisoned, in violation of 42 U.S.C Section 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C. SEC. 1983

57. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

58. With intent and gross negligence, defendants Detective Joseph Litrenta, Assistant District Attorney Ryan W. Brackley, the City of New York, through the NYPD, caused the unjust and false arrest and the false imprisonment of the Plaintiff, Michael Vasquez, for a crime that he did not commit.

59. As a result of Defendants' aforementioned conduct, Plaintiff, Michael Vasquez, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely and wrongly imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent, which ultimately lead to his conviction and imprisonment for 15 and one-half years.

60. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule, disgrace, possible revocation of his parole and incarceration. Plaintiff was discredited in the minds of many members of his family, friends and community.

61. As a result of the foregoing, Plaintiff was wrongly convicted and imprisoned for 15 and one-half years, and was wrongly deprived of his God given right to raise his children, cohabitate with his wife and the chance to work, earn a living and support his family.

62. Pursuant to 28 U.S.C Section 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

20.

**FOURTH CLAIM FOR RELIEF:**
<u>**MALICIOUS PROSECUTION AND WRONGFUL CONVICTION UNDER 42**</u>
<u>**U.S.C. SECTION 1983**</u>

63. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 62 with the same force and effect as if fully set forth herein.

64. With intent to wrongly convict and gross negligence, Defendants Detective Joseph Litrenta, A.D.A. Ryan W. Brackley, NYPD Officers John Doe #1-5 and the City of New York caused the malicious prosecution and wrongful conviction of Plaintiff Michael Vasquez for a crime he did not commit.

65. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff , Michael Vasquez, and the malicious prosecution of the Plaintiff, for which he was wrongly convicted and imprisoned for 15 and ½ years.

66. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff and refused to allow an eyewitness to the crime to testify before the grand Jury.

67. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

68. Defendants lacked probable cause to continue criminal proceeding against Plaintiff, and had evidence that the complaining witness could not identify the Plaintiff, Michael Vasquez, as the person who committed the alleged crimes but was in fact relying on the accusation of her boyfriend, Raoul Gonzalez, an

21.

individual who was not an eye witness to the actual criminal acts, when she

implicated the Plaintiff, Michael Vasquez, as the perpetrator of the crimes.

69. Defendants acted with malice in continuing criminal proceedings against

Plaintiff which resulted in the wrongful conviction of the Plaintiff in October, 1997.

70. The wrongful conviction was vacated on June 13, 2012, and the

indictment was dismissed on December 21, 2012 By New York State Justice, Hon.

Lewis Bart Stone.

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. SECTION 1983

71. Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in paragraphs 1 through 70 with the same force and effect as if fully set

forth herein.

72. Defendants issued legal process to place Plaintiff under arrest.

73. Defendants arrested Plaintiff in order to obtain a collateral objective

outside the legitimate ends of the legal process.

74. Defendants acted with the intent to do harm to Plaintiff without excuse or

justification. Defendants knew that the Plaintiff would be irreparably harmed if

they continued with their abuse of process. Defendants exhibited a willful disregard

for the freedom of the Plaintiff and for the harm Plaintiff would suffer yet they

continued their malicious abusive path.

### SIXTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

75. Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in paragraphs 1 through 74 with the same force and effect as if fully set

forth herein.

76. At all times relevant, City of New York Police Officers, Defendants Detective Joseph Litrenta, and P.O's "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), and the New York City Police Department, were acting in the scope of their employment and/or as a policy maker for the City of New York.

77. To the extent applicable, the City of New York is liable in respondeat superior for said defendant's actions.

78. Defendant City of New York knew or should have known of the Police defendants' propensity to engage in illegal, wrongful, and negligent acts detailed above and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

79. Defendant City of New York has failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of said defendants and/or as a matter of policy and practice, has with deliberate indifference failed to take steps  to uncover and/or correct such conduct and behavior.

80. Defendant City of New York has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove or correct the illegal and improper acts of said defendants and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

81. Defendant City of New York was negligent in the operation of its police department and knew of or should have known of illegal and unconstitutional acts

its employees, agents and servants in their New York Police Department were committing or conspiring to commit with the New York County District Attorney's Office.

82. The injuries suffered by the Plaintiff were proximately caused by each and every one of the policies and practices set forth herein.

83. The actions of the defendants, including the City of New York, resulted in the deprivation of the Plaintiff's rights pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

84. As a result of the false arrest, malicious prosecution, unlawful imprisonment, the violation of said constitutional rights and liberties, and deprivation of liberty, Plaintiff Michael Vasquez, was damaged in the sum of One Hundred and Fifty Million Dollars ($150,000,000).

### SEVENTH CLAIM FOR RELIEF:
### <u>MUNICIPAL LIABILITY</u>

85. Plaintiff repeats, reiterates and re-alleges paragraphs 1 through 84.

86. Defendant City of New York knew or should have known of the Police defendant's propensity to engage in illegal, wrongful and negligent acts as detailed above and/or as a matter of policy and practice, and has with deliberate indifference failed to take steps to uncover and/or correct such conduct. This knowingly illegal, and wrongful conduct took place from January, 1997 until October, 1997.

87. Defendant City of New York has failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of said defendants as detailed above and/or as a matter of policy and practice, has with

24.

deliberate indifference failed to take steps to uncover and/or correct such conduct.

88. Defendant City of New York maintained a policy and practice of arresting and prosecuting individual without probable cause.

89. Defendant City of New York has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove or correct the illegal and improper acts of the defendant's police officers and supervisors and the individual defendants under its supervision and control as a matter of policy and practice, and has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

90. Defendant City of New York was negligent in the operation, supervision and control of its police department.

91. By its actions, the City of New York deprived the Plaintiff of his constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States of America.

92. The injuries suffered by the Plaintiff, Michael Vasquez, were proximately caused by each and every one of the policies and practices set forth herein.

93. As a result of the false arrest, malicious prosecution, wrongful conviction, false imprisonment, violation of constitutional rights and deprivation of liberty, the plaintiff was damaged in the sum of One Hundred and Fifty Million ($150,000,000) Dollars.

**EIGHTH CLAIM FOR RELIEF**
**<u>MALICIOUS PROSECUTION</u>**

94. Plaintiff repeats, reiterates and re-alleges Paragraphs 1 through 93.

95. During the investigation stage and prior to any judicial proceedings, and

then continuing thereafter, including after the arrest and indictment of the Plaintiff, all of the defendants maliciously prosecuted the Plaintiff, Michael Vasquez.

96. Assistant District Attorney Ryan W. Brackley, the New York County District Attorney's Office and other John and Jane Does owed a duty of care to act ethically and within the rules of law, and as quasi-judicial officers to ensure a fair investigation, a fair trial, free of solicited perjury and the withholding of exculpatory evidence and testimony, proper post-conviction proceedings free from misrepresentation.

97. A.D.A. Brackley, his supervisors at the New York County District Attorneys Office and other defendants failed to conduct themselves in that manner by knowingly withholding and ignoring exculpatory evidence when they had an absolute duty to ensure against its use and bring it to the attention of the court and counsel if it occurred. The defendants ignored evidence demonstrating the innocence of the plaintiff and sought his arrest and indictment despite unreliable and conflicting evidence of his involvement in the face of clear-cut leads that were known by the defendants but purposely not pursued by them. In addition Defendant Brackley refused to grant full or limited immunity to allow one of the two eye witnesses to testify at the grand jury and the failure of Defendant Brackley to secure the attendance of that witness, Rigo Gonzalez, Jr., pursuant to a material witness order, to testify at trial in spite of the New York County District Attorney's and Defendant Brackley being ordered to produce that person.

98. A.D.A. Brackley purposely defied complying with the material witness order of trial judge Honorable David B. Saxe, Justice of the New York State

Supreme Court, when he intentionally failed to secure and produce Rigo Gonzalez, Jr., to attend and testify at the trial of the Plaintiff, Michael Vasquez, because he knew that Rigo Gonzalez, Jr. would testify under sworn, at the trial, oath that Plaintiff Michael Vasquez was not the person who committed the robbery that day.

99. A.D.A Brackley also threatened Rigo Gonzalez, Jr., that if he planned to testify at the New York County Grand Jury hearing he would have to get an attorney because Rigo Gonzalez, Jr., would not be given full or limited immunity for his testimony before the New York County Grand Jury. Rigo Gonzalez, Jr. was one of the two individuals who were allegedly victims of the crime that Plaintiff Michael Vasquez allegedly committed and had previously stated to A.D.A. Brackley that Plaintiff Michael Vasquez was not the person who committed the crime.

100.   NYPD Detective Joseph Litrenta <u>KNEW THAT THE "OTHER WITNESS", Janette Andriuolo could not independently identify the Plaintiff Michael Vasquez as the person who committed the robbery and he stated as much when he testified at the 440.10(1)(g) hearing and at a July, 1997, Wade Identification hearing</u>. At that hearing, he stated knew that Janette Andriuolo did not know the name of the person who committed the robbery and could not identify the person who committed the robbery on the day of the robbery. He further stated that the next day "an informant", who he later identify as Janette Andriuolo, left a "tip" that Michael Vasquez was the person who committed the robbery. Det. Joseph Litrenta stated that he had found out before the grand jury hearing and the trial that "Eye Witness" Janette Andriuolo had been told by her 'boyfriend' Raoul Gonzalez that Michael Vasquez was the person who committed the crime, later that night.

101.    The withholding of this relevant, exculpatory and contradictory evidence; including in connection with the grand jury presentation, is evidence of bad faith; therefore a malicious prosecution. The failure to make further inquiry and to conduct further investigation when in possession of information that others had committed the robbery and not Mr. Vasquez was unreasonable, contrary to the constitutional and legal obligations of all the defendants, and a violation of the requirement that a prosecution not proceed without probable cause.

102.    Probable cause was lacking despite the sole identifications of Mr. Vasquez made by Janette Andriuolo, since this identification was known by the defendants to have been told to her by her boyfriend Raoul Gonzalez and not of her personal knowledge, and since the weakness and inconsistent nature of this identification was ignored despite the existence of significant facts that were known pointing to the conclusion that these identifications were false and in error.

103.    Each of the defendants is liable personally and in their official capacity for these aforementioned acts which lead to the malicious prosecution of the Plaintiff and eventually lead to his wrongful conviction and unjust incarceration for nearly 15 and ½ years.

104.    As a result of this malicious prosecution and deprivation of liberty, Plaintiff was damaged in the sum of One Hundred and Fifty Million Dollars ($150,000,000).

## NINTH CLAIM FOR RELIEF: NEGLIGENCE

105.    Plaintiff repeats, reiterates and re-alleges paragraphs 1 through 104.

106.    To the extent A.D.A. Ryan W. Brackley and any or all of the New York County District Attorney's Office, or any of the defendants' unethical and improper actions can be attributed to a lack of adequate care in carrying out their responsibilities, they were the proximate cause of the injuries and damages herein alleged including the incarceration of an innocent man, the Plaintiff, for fifteen and one-half years.

## TENTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS

107.    Plaintiff repeats, reiterates and re-alleges Paragraphs 1 through 106.

108.    Defendant A.D.A. Ryan W. Brackley, and the defendants, John and Jane Doe, owed a duty of care to act ethically and within the rules of law. Defendant Ryan W. Brackley and other assistant district attorneys in the New York County District Attorney's Office, in addition to owing a duty of care to act ethically and within the rules of law, owe a duty as quasi-judicial officers to ensure a fair investigation, a fair grand jury hearing which includes allowing all victims to testify with the usual full or limited immunity that is normally granted, and a fair trial with all exculpatory evidence being turned over to the court and the criminal defense attorneys.

109.    A.D.A. Brackley and various New York County District Attorney Office personnel improperly concealed evidence of the innocence of the Plaintiff, Michael Vasquez.

110.    A.D.A. Brackley failed to investigate evidence that came to his attention and purposely refused to allow robbery witness and victim, Rigo Gonzalez, Jr., testify before the New York County Grand Jury when he intentionally declined

to give the witness and victim immunity for his testimony, testimony that would have provided the grand jury with clear-cut evidence proving the innocence of the Plaintiff Michael Vasquez.

111. Plaintiff's wrongful conviction and imprisonment caused him to suffer 15 and ½ years of anxiety, depression and horrible nightmares.

112. Each of the defendants are liable personally and in their official capacity for these aforementioned acts which damaged Plaintiff.

113. As a result of these intentional actions in disregarding the law and their sworn responsibilities, A.D.A. Brackley and various New York County District Attorney Office personnel, were the proximate cause of the injuries and damages suffered by the plaintiff, including the wrongly conviction and wrongful imprisonment of an innocent man. By improperly concealing the evidence of the innocence of the Plaintiff, Michael Vasquez, was damaged in the sum of One Hundred and Fifty Million Dollars ($150,000,000).

## DAMAGES SUSTAINED BY PLAINTIFF MICHAEL VASQUEZ

114. The items of damage or injuries claimed to have been sustained by Mr. Michael Vasquez are:

        i. Being wrongly convicted and made to serve 15 ½ years in prison for a crime that he did not commit, because of the wrongful and/or negligent acts of City of New York and its employees, agents and servants, and the resulting degradation as a result of the life sentence he was unjustly ordered to serve and the suffering that he was endured after being unjustly and wrongly convicted;

        ii. Post traumatic Stress Disorder, depression and mental

anxiety, mental anguish and post incarceration psychological damage he has been made to live with as a result of his wrongful conviction;

iii.   Loss of his constitutionally guaranteed right to a fair trial, freedom of movement and freedom of association;

iv.   Lost of job opportunities, 15 ½ years of lost earnings and loss of raising his young children and cohabitation with his wife.

115.   The Federal Claims are served and filed within the three years after the dismissal of the indictment. The State claims are filed within one-year and ninety days after the dismissal of the indictment.

WHEREFORE, Plaintiff demands JUDGEMENT against defendants as follows:

I.     For compensatory damages in the amount of one hundred million dollars ($100,000,000);

II.    For punitive damages in the amount of fifty million dollars ($50,000,000)

III.   For reasonable attorneys' fees, together with costs and disbursement pursuant to 42 U.S.C. Section 1988 and the inherent powers of this Court;

IV.    For pre-judgment interest, as allowed by law;

V.     For such other and further relief as this Court may deem just and proper.

VI.    By reason of the foregoing, Claimant was damaged in the amount of $150,000,000, and Claimant demands judgment against the Defendants for said amount.

Dated: New York, New York
December 15, 2013

Respectfully submitted,

*Herbert Moreira-Brown, Esq.*

**HERBERT MOREIRA-BROWN,ESQ.**
**Attorney for Plaintiff Michael Vasquez**
**4200 Hutchinson River Parkway East**
**Suite 26c**
**Bronx, New York 10475**
**(917) 328-3213**

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF NEW YORK) ss:

     I, Michael Vasquez, do hereby swear and depose:

     I am the person described in this complaint (Michael Vasque v. City of New York) as the plaintiff. I have read the complaint and swear to the truth of what is stated in the complaint. As to those matters stated to be upon information and belief, I believe them to be true.

 

MICHAEL VASQUEZ

Sworn before me on this \_\_\_16th\_\_\_ day of December, 2013.

_____
        Notary Public

HOI LING SALLY CHENG
Notary Public, State of New York
Qualified In New York County
No. 01CH4968716
My Commission Expires 09-10-2014

33.

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK        NO FEE
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 01/03/2013                  CERTIFICATE OF DISPOSITION NUMBER: 31129

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:              1810-97
                VS.                 LOWER COURT NUMBER(S):   97N021228
                                    DATE OF ARREST:          02/25/1997
                                    ARREST #:                M97022771
                                    DATE OF BIRTH:           04/13/1956
VASQUEZ,MICHAEL                     DATE FILED:              03/03/1997
─────────────────────────────
            DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 12/21/2012 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  STONE,L    THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 01/03/2013.

                        COURT CLERK

34.

In The Matter Of The Claim Of  MICHAEL VASQUEZ

-AGAINST-

THE CITY OF NEW YORK

To: Comptroller of the City of New York

     **PLEASE TAKE NOTICE** that the undersigned claimant(s) hereby make(s)claim and demand against the City of New York, as follows:

1.  The name and address of each claimant and claimant's attorney is:

Michael Vasquez                   Herbert Moreira-Brown, Esq.
131-15 11th Avenue              4200 Hutchinson River Parkway East
College Point, Queens,          New York, New York 10007
New York 11356

2.  The Nature of the claim:

Tort, New York State Wrongful Conviction Statute, 42 U.S.C. 1983, False Arrest and False Imprisonment founded on the negligence of agents, servants and employees of the City of New York, the New York City Police Department and the New York City Department of Corrections, a city run and funded agency.

3.  The time when, the place where and the manner in which the claim arose:

     The claim arose on February 25, 1997, at approximately 10:00 o'clock in the morning at New York City Police Department's 34th Precinct, when New York City Police Detective Joseph LiTrenta falsely arrested Mr. Michael Vasquez. Mr. Vasquez was ordered to report to the New York State Parole Office, located on 161st Street, Bronx, New York and was held until detectives from the NYPD 34th Precinct arrived and took Mr. Vasquez into custody. Michael Vasquez was convicted of a crime that he did not commit and sentenced to 20 years to Life. On June 13, 2012 Justice Lewis Bart Stone vacated the conviction and ordered a new trial. On December 21, 2012, The New York County District Attorney's Office submitted a DOR, a recommendation of dismissal. Justice Stone dismissed this case from the bench on December 21, 2012.

35.

4.  The items of damage or injuries claimed to have been sustained so far as then practicable:

    Claimant suffers from Post Traumatic Stress Disorder, anxiety, depression physical, mental and psychological trauma, the full extent of these injuries are not fully known at this time, when he was falsely arrested by the New York City Police Officers, and falsely imprisoned by the New York City Department of Corrections and wrongly convicted on the testimony of New York City Police Officers.. Upon information and belief, the injuries suffered by the claimant are permanent in nature.

| | |
|---|---|
| Special Damages | $ to be determined; |
| Total amount claimed | $120,000,000. |

    The undersigned claimant(s) therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.

Dated: New York
      JANUARY 11, 2013

_Herbert Moreira Brown, E._
Herbert Moreira-Brown, Esq.

### Individual Verification

State of New York, County of New York, ss.:

Mr. Michael Vasquez, being duly sworn, deposes and says that deponent-claimant has read the foregoing Notice of Claim and knows the contents thereof, that the same is true to the deponent-claimant's own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters deponent believes those matters to be true.

_Michael Vasquez_
MICHAEL VASQUEZ

Sworn before me on this | |
Day of January, 2013.

_Shanae Cotton_
NOTARY PUBLIC

SHANAE M. COTTON
Notary Public, State of New York
Qualified in Queens County
No. 01CO6256441
My Commission Expires 02-27-2016

02/27/14

36.